Elaine R. DAVIS, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 03–3102.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 14, 2003.

Before LOURIE, SCHALL, and LINN,
Circuit Judges.

## DECISION

PER CURIAM.

Elaine R. Davis appeals from the final decision of the Merit Systems Protection Board affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying her request for disability retirement benefits under the Federal Employees' Retirement System ("FERS"). *Davis v. OPM*, No. AT–844E–01–0567–I–2, 93 M.S.P.R. 300 (M.S.P.B. Nov.26, 2002) (*"Final Decision"*). We affirm.

## DISCUSSION

On June 18, 1999, Ms. Davis was removed from her position as a Rural Carrier with the U.S. Postal Service in Tampa, Florida, for unsatisfactory attendance. Subsequently, she applied for FERS disability retirement benefits based on pain in her wrist, arm, shoulder, and stomach.

OPM denied Davis's application, finding that she failed to establish that she had a disabling medical condition that warranted restrictions from performing the critical or essential duties of her position or from coming to work altogether. Specifically, OPM found that Davis's "minimal" medical evidence lacked any clinical findings to indicate the severity of her medical condition or to support her complaints of pain, discomfort, and anxiety. OPM also found that Davis's condition appeared to be only temporary in nature. On reconsideration, OPM affirmed its initial decision.

Davis then appealed to the Board, which affirmed OPM's reconsideration decision. In an initial decision, the administrative judge ("AJ") found that Davis failed to establish that her condition was disabling or that her condition was incompatible with retention in her position. *Davis v.*

*OPM,* No. AT–844E–01–0567–I–2, slip op. at 5 (M.S.P.B. Jan.8, 2002) ("Initial Decision"). In particular, the AJ observed that the medical documentation submitted by Davis lacked specific findings to substantiate the diagnoses set forth therein or to establish that the severity of her condition warranted a finding of disability. *Id.* at 4–5. The AJ also found that Davis failed to submit any evidence showing that her medical condition was not temporary in nature. *Id.* at 4. The AJ accordingly affirmed OPM's decision. *Id.* at 5. The full Board denied Davis's petition for review, *Final Decision,* slip op. at 2, making the initial decision final, 5 C.F.R. § 1201.113(b) (2002).

Davis appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Our scope of review in disability retirement cases is narrowly limited by 5 U.S.C. § 8347(c), which provides that OPM's disability determinations "are final and conclusive and are not subject to review." The Supreme Court has interpreted that provision as precluding judicial review of the factual underpinnings of OPM's disability decisions, except to consider whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " *Lindahl v. OPM,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (Ct.Cl.1968)).

In her informal brief on appeal, Davis argues that the Board failed to consider that her condition is getting worse and that she was fired for her physical condition without any benefits, severance pay, or employment help. Davis thus challenges the Board's factual findings relating to the severity of her condition, the tempo-

rary nature of her condition, and the reason for her removal. As noted above, we cannot disturb those factual underpinnings of the Board's decision.

Davis also alleges that she was discriminated against because the Board or OPM knew that she could not afford a lawyer. However, nothing in the record substantiates Davis's bare assertion of discrimination.

Accordingly, because Davis has not shown that there was a misconstruction of the governing law, a substantial departure from important procedural rights, or an error going to the heart of the administrative determination, we must affirm the Board's decision.